**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YONDEIBER JOSÉ YARI ARRIECHE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-973-G** |
| | ) | |
| **WARDEN, Cimarron Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# ORDER

On April 13, 2026, Petitioner Yondeiber José Yari Arrieche filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review. Certain Respondents filed an Answer (Doc. No. 9), to which Petitioner replied (Doc. No. 10).[1]

On July 21, 2026, Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 13), recommending that the Petition be granted in part. Respondents filed an Objection (Doc. No. 14) to the R. & R.

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] The appearing respondents are United States Attorney General Todd Blanche and Markwayne Mullin, Secretary of U.S. Department of Homeland Security ("DHS").

## *I. Background*

Petitioner is a citizen of Venezuela who entered the United States on September 29, 2023. R. & R. at 2. On October 1, 2023, DHS released Petitioner into the United States on his own recognizance pursuant to 8 U.S.C. § 1226. *Id.*; Doc. No. 9-2.

On December 14, 2023, Petitioner filed an application for asylum. R. & R. at 2; Doc. No. 9-3.

Petitioner was taken into custody on January 18, 2026, after a traffic stop in Oklahoma. R. & R. at 2; Pet. at 6. DHS charged Petitioner as removable and issued a Notice to Appear. R. & R. at 2; Doc. No. 9-1. When the Petition was filed, Petitioner was detained at the Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1.

In the Petition, Petitioner alleges that he has been detained without a bond hearing or any opportunity for release. *See id.* at 6. Petitioner argues that his ongoing detention is unreasonable and violates his right to due process. *Id.*; R. & R. at 2-3.

## *II. The Report and Recommendation*

Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* Answer at 2-9. In the R. & R., Judge Erwin determined in relevant part that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 4-6. Accordingly, Judge Erwin concluded that Petitioner is entitled to relief due to violation of the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 1101 et seq. *See* R. & R. at 4-6, 8 (citing *Santillan Quiroz*, 180 F.4th 1226 (10th Cir. 2026)).

Respondents' position is foreclosed by *Santillan Quiroz*, in which the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to

[noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Pet. at 6; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Pet. at 6; *see also* Resp'ts' Notice (Doc. No. 17). Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[2]

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 13) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

[2] Because the Court finds that habeas relief is warranted on this basis, the Court need not address Petitioner's remaining claims or the remainder of the R. & R. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's remaining claims for relief are DISMISSED without prejudice.

4. Petitioner's pending Motions (Doc. Nos. 2, 12, 15, 16) are DENIED AS MOOT.

5. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

6. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 16th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge